UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marvin Haynes,<br><br>    Plaintiff,<br><br>v.<br><br>City of Minneapolis, and Sergeants David Mattson, Michael Keefe, Patrick King, Gerhard Wehr, and Lieutenant Michael Carlson, in their individual capacities,<br><br>    Defendants. | Case No. 25-CV-00547 (JRT/EMB)<br><br>**JOINT STIPULATION AND PROPOSED ORDER RE: MINN. CRIM. P. RULE 18.07** |

Plaintiff Marvin Haynes and third-party Hennepin County Attorney's Office hereby jointly stipulate that the court may enter the attached proposed order:

1. On July 25, 2025, Plaintiff served a Rule 45 subpoena *duces tecum* on non-party the Hennepin County Attorney's Office ("HCAO") for documents related to the underlying criminal investigation, prosecution, and reinvestigation of Marvin Haynes.

2. On October 31, 2025, the HCAO made one in a series of successive productions under the July 25, 2025 subpoena.

3. In this latest production, the HCAO redacted in full several records identified as responsive to the subpoena, as said records relate to grand jury

1

proceedings protected from disclosure absent court order by Minnesota Criminal Procedure Rule 18.07.

4. Rule 18.07 reads, in relevant part: "Disclosure of matters occurring before the grand jury, other than its deliberations and the vote of any juror, may be made to the prosecutor for use in the performance of the prosecutor's duties, and to the defendant or defense counsel under Rule 18.04 governing the record of the grand jury proceedings. Otherwise, no one may disclose matters occurring before the grand jury unless **directed to do so by the court in connection with a judicial proceeding.**" Minn. Crim. P. Rule 18.07 (emphasis added).

5. HCAO maintains no objection to disclosure of the grand jury materials, contained in the original prosecution file from Plaintiff's underlying criminal case, apart from Rule 18.07's mandate that such disclosure be directed by court order.

6. Plaintiff and the HCAO agree that Rule 18.07 continues to apply to the grand jury materials contained in the original prosecution file from Plaintiff's underlying criminal case, even after the HCAO's production, and would apply to future uses, disclosures, production, or releases of those materials.

7. Accordingly, Plaintiff and the HCAO hereby stipulate that the Court may enter the attached proposed order.

8. Defendants do not object to the joint stipulation and/or proposed order.

Date: February 27, 2026

By: */s/Katie Cion*
Katie Cion*
Emma Freudenberger*
Amelia Green*
Katrina Rogachevsky*
Neufeld Scheck Brustin Hoffmann
& Freudenberger, LLP
200 Varick Street, Suite 800
New York, NY 10014
(212) 965-9081
emma@nsbhf.com
amelia@nsbhf.com
katrina@nsbhf.com

*Admitted* pro hac vice

Oliver Nelson, III
Minnesota Bar No. 0347280
Magna Law Firm, LLC
2915 Wayzata Blvd.
Minneapolis, MN 55405
(612) 767-1871
onelson@magnalaw.net

*Counsel for Plaintiff Marvin Haynes*

|  |  |
|---|---|
|  | MARY F. MORIARTY<br>Hennepin County Attorney |
| Date: February 27, 2026 | By: *s/ Kelly K. Pierce*<br>Kelly K. Pierce<br>Minn. Bar No. 0340716<br>Assistant County Attorney<br>A1300 Government Center<br>300 South Sixth Street<br>Minneapolis, MN  55487<br>(612) 348-5488<br>kelly.pierce@hennepin.us<br><br>*Attorney for Hennepin County Attorney's Office* |